**COMMONWEALTH of Pennsylvania,
Appellee**

v.

**Freedom BEY, Appellant.**

Superior Court of Pennsylvania.

Argued Dec. 5, 2012.

Filed July 12, 2013.

Matthew J. Brungo, Pittsburgh, for appellant.

Amy E. Constantine, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

BEFORE: PANELLA, ALLEN, and STRASSBURGER,* JJ.

MEMORANDUM BY PANELLA, J.

Judgment of sentence affirmed.

STRASSBURGER, J., files a dissenting opinion.

---

* Retired Senior Judge assigned to the Superior Court.

DISSENTING OPINION BY
STRASSBURGER, J.:

I write separately because I disagree with the Majority's holding regarding Appellant's claim that the trial court abused its discretion when it denied trial counsel's request to move the five African–American jurors forward in Appellant's panel so they might be considered for service on the jury. Appellant's Brief at 33.

The record reflects that the trial court denied counsel's request on the record, stating as follows

> I'm hard-pressed to find a systematic exclusion in the selection of the jury. I mean, I regret that the jury pool that [Appellant] has is not reflective of the composition of Allegheny County which would be 13 or 14 percent African–American, but on the other hand, if I would attempt to alter the composition of the jury, it would be interpreted as tampering because I would systematically be altering the composition of the jury which could be an issue for the Commonwealth to appeal. So I'm sort of between two worlds. All I can do is let the system that we have in place move forward.

N.T., 7/13–14/2010, at 10–11.

Despite the trial court's protestations, the fact remains that the jury pool available to Appellant on two consecutive days of selection grossly underrepresented African–American candidates. The trial court acknowledged this discrepancy, stating

> I am clearly sensitive to the reality that [trial counsel] raises. In this jury selection process, historically [ ] Allegheny County has had to confront the same complaint from defense attorneys who have [ ] found jury pools here with representation[s] of minorities lower than what would be the distribution [of those

minorities] in the population in Allegheny County.

N.T., 7/13–14/2010, at 8.

I agree with the Majority that there is no evidence for us to conclude that the composition of the jury pool was skewed by virtue of some systematic exclusion inherent to the method by which jurors are summoned in Allegheny County. Nonetheless, regardless of whether there was an actual discriminatory practice inherent in the system, there was obviously a "continuing and manifest underrepresentation of a distinctive group." *See Estes,* 851 A.2d at 940 (Johnson, J., concurring). This underrepresentation prejudiced Appellant. The record reflects that once the trial court denied counsel's request, defense counsel requested to proceed to a bench trial. N.T., 7/13–14/2010, at 9–10. The Commonwealth invoked its right to a jury trial and the case proceeded with the selected all-Caucasian jury. *Id.*

Previous panels of this Court have noted that it is within the trial court's discretion to remedy prejudicial situations arising in jury selection by "calling additional jurors to the venire, granting additional challenges, seating the challenged jurors; or beginning a new jury selection." *See Commonwealth v. Hill,* 727 A.2d 578, 584 (Pa.Super.1999) (discussing legally sound remedies for properly sustained challenges under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)). I see no reason why such methods could not have been employed in this instance. Accordingly, I would vacate Appellant's judgment of sentence and remand for a new trial.